IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Jim Wayne Thornhill*
Case No. 1:16-cr-00008-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Jim Wayne Thornhill's ("Thornhill") Motion to Reduce Sentence (the "Motion").[1] Thornhill argues he is eligible for a sentence reduction under U.S. Sentencing Guidelines ("U.S.S.G.") Amendment 821 and U.S.S.G. § 4A1.1.[2] The United States (the "Government") opposes the Motion.[3] The United States Probation and Pretrial Services ("USPO") recommends that Thornhill is eligible for a sentence reduction under Amendment 821.[4] This matter is ripe for resolution. For the following reasons, the Court **DENIES** the Motion.

### A. Background

On February 29, 2008, Thornhill was convicted of Sexual Abuse of a Minor in the Second Degree, a State felony offense.[5] He was sentenced to twelve years' imprisonment with six years suspended, followed by nine years of probation.[6] Then, on October 5, 2015, while Thornhill was serving his probationary sentence, Federal Bureau of Investigation ("FBI") agents responded to a graphic voice message left on a dating site voicemail from a phone number associated with Thornhill's place of employment.[7] FBI agents contacted Thornhill at his place of employment, who admitted to leaving the voice message.[8] The agents also located a cell phone and papers with web addresses for child pornography websites in his work area.[9] Thornhill later admitted to owning the cell phone and using it to view child and adult pornography.[10] A search of his cell phone revealed 581 images of child pornography.[11] On April 20, 2016, Thornhill was indicted on one count of Sexual Exploitation of a Child—Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and

---

[1] Dkt. 111 (Motion to Reduce Sentence).
[2] *Id.* at 1, 8.
[3] Dkt. 113 (Government's Opposition to Defendant's Motion to Reduce Sentence).
[4] Dkt. 116 (Sealed USPO Memorandum) at 3–4.
[5] Dkt. 71 (Sealed Final Presentence Report) at 9.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 10.
[9] *Id.*
[10] *Id.*
[11] *Id.*

(b)(1).[12] A jury found him guilty of this offense on September 22, 2017,[13] and he was sentenced to a within-guideline sentence of 262 months of imprisonment followed by a life term of supervised release.[14] He has a projected release date of April 15, 2035.[15]

In his Motion, Thornhill argues he "qualif[ies] for a sentence reduction pursuant to . . . Amendment 821" and requests a two-point reduction in his criminal history points.[16] He suggests he "would currently have a total of three criminal history points as two criminal history points would be excluded because these two points were added for violation of an offense while [he was] serving a criminal justice sentence," "resulting in a criminal history category of II" and "a sentencing range of 235–293 months."[17]

Thornhill also argues that the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction.[18] Although he acknowledges that "[t]he sentence for viewing child pornography should be severe" and that a "harsh sentence is needed to protect the public" and ensure deterrence, he notes that his "conduct was limited to the receipt of material involving child pornography," that "he did not distribute" such material or "commit a sexual assault," and that "there were no direct victims due to his conduct."[19] Rather, he suggests he needs "significant treatment to correct a pattern of conduct and ensure rehabilitation" and that "a sentence of more than two decades is not necessary for [him] to obtain [such] treatment."[20] He also describes a childhood of "domestic violence and family instability" including substance abuse, noting that his stepfather physically abused him and that he was sexually abused by another family member for three years beginning at age 11.[21] Further, Thornhill reports he currently suffers from "a series of adverse health conditions and persistent pain" related to high blood pressure, high cholesterol, "a fluid build-up in his lower extremities," and depression.[22] He notes that "he is trying to better himself through various programs" in Bureau of Prisons ("BOP") custody, including taking classes, maintaining employment, and attaining his GED, and describes his good conduct overall while incarcerated.[23]

Opposing the Motion, the Government "agrees that Thornhill is eligible for a reduction" under Amendment 821 but argues that "[a reduction] is not warranted under the § 3553(a) factors."[24] Noting that Thornhill committed the underlying offense while on probation for his prior hands-on offense, and that Thornhill was "reliving the sexual abuse of that offense" through his graphic

---

[12] Dkt. 2 (Indictment).
[13] Dkt. 64 (Jury Verdict).
[14] Dkt. 83 (Minute Entry); Dkt. 85 (Judgment).
[15] Dkt. 116 at 1; *see* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[16] Dkt. 111 at 8.
[17] *Id.*
[18] *Id.* at 9–13.
[19] *Id.* at 9, 11.
[20] *Id.* at 11–12.
[21] *Id.* at 9–10.
[22] *Id.* at 10.
[23] *Id.* at 10, 12.
[24] Dkt. 113 at 1, 5–6.

voice message, it argues that Thornhill's conduct indicates he "is a clear and present danger" given "his preexisting and long standing sexual interest in children."[25] Although the underlying offense conduct was not hands-on, the Government suggests it was "serious because it was a mechanism for [him] to potentially act out on his predilections."[26]

The Government also asserts that Thornhill seemingly "does not want to engage in sex offender treatment."[27] It notes that while he under supervision for his prior offense, "he was discharged multiple times from sex offender treatment for noncompliance as a result of his continued high-risk behavior of attempting to have contact with minors while on release, looking at child and adult pornography, and searching disturbing search terms."[28] Moreover, there is "no record . . . [of] Thornhill [having] taken or completed sex offender treatment in the last seven years that he has been incarcerated," which "further exemplifies the serious danger he poses to the public and children."[29] As such, the Government recommends "physical deterrence . . . is the most paramount 3553 factor for the court [] to consider" because "there is no better way to protect the public."[30]

Responding to Thornhill's other proposed bases for a reduction, the Government acknowledges his difficult upbringing and childhood history of abuse but suggests that such circumstances "do[] not justify or diminish [his] conduct" and are "not a basis for reducing [his] sentence."[31] It also notes that Thornhill's high blood and cholesterol levels are not a basis for a sentence reduction because they are "common ailment[s] that afflict[] many [people]" and "are being properly treated" by BOP.[32]

USPO recommends that Thornhill is eligible for a sentence reduction under Amendment 821.[33] It notes that he received two criminal history points for committing the underlying offense while serving a criminal justice sentence, resulting in five criminal history points, a criminal history category of III, and a guideline range of 262 to 327 months.[34] Therefore, under U.S.S.G. § 4A1.1(e), USPO suggests he would have three criminal history points and a criminal history category of II if he were sentenced today, resulting in a guideline range of 235 to 293 months.[35] Because Thornhill was sentenced within his amended guideline range, USPO notes he is eligible for a sentence reduction under Amendment 821.[36] However, USPO also notes that Thornhill was found guilty of Sexual Exploitation of a Child—Receipt of Child Pornography and sentenced to 262 months of imprisonment pursuant to several aggravating factors, which supports the

---

[25] *Id.* at 8, 11.
[26] *Id.* at 8, 10.
[27] *Id.* at 10.
[28] *Id.*
[29] *Id.* at 9.
[30] *Id.* at 11.
[31] *Id.* at 9.
[32] *Id.*; *see* Dkt. 114-1 (Sealed Medical Records).
[33] Dkt. 116 at 3–4.
[34] *Id.* at 2.
[35] *Id.* at 2–3.
[36] *Id.*

Government's assertion that the § 3553(a) factors weigh against a sentence reduction based on the nature of the underlying offense.[37]

### B. Legal Standard

United States Sentencing Guideline § 4A1.1(e) (added pursuant to Amendment 821, Parts A and B, subpart 1) reduced the points added to a defendant's criminal history category from two points to one point "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[38]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[39] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[40] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[41] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[42]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[43]

### C. Discussion

First, the Court finds that Thornhill is eligible for a sentence reduction under Amendment 821. Thornhill committed the offense conduct while on probation and received two status points to his criminal history score, resulting in a criminal history score of five and a guideline range of 262 to 327 months. However, as he did not receive seven or more criminal history points, he would not

---

[37] *Id.* at 1–2.
[38] U.S.S.G. § 4A1.1(e).
[39] U.S.S.G. §§ 1B1.10(a)(1), (d).
[40] 18 U.S.C. § 3582(c)(2).
[41] U.S.S.G. § 1B1.10(b)(2)(A).
[42] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[43] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.

have received any additional status points to his criminal history score under the current amendment. Therefore, if he was sentenced today, his criminal history score would have remained three, resulting in a lower criminal history category and an amended guideline range of 235 to 293 months. Because Thornhill's sentence of 262 months falls within his amended guideline range, the Court finds that Thornhill is eligible for a sentence reduction accordingly.

However, considering the § 3553(a) factors, particularly the nature of the offense, Thornhill's history and characteristics, the need for deterrence, and the need to protect the public, the Court finds that a sentence reduction is not warranted. The underlying offense was extremely serious, involving Thornhill possessing a total of 581 images of child pornography on his cell phone. His offense conduct was discovered after he left a graphic voice message detailing a hands-on sexual act with a child on a dating site. Moreover, Thornhill has a prior conviction for sexually abusing a minor and committed the underlying offense while on probation for that hands-on offense. The Court is also highly concerned that Thornhill appears unreceptive to engaging successfully with sex offender treatment and, despite having had numerous opportunities, has been discharged from programs multiple times for continuing noncompliance and persistent high-risk behavior, including seeking out children and child pornography.

The Court is sympathetic to Thornhill's childhood experiences and current health concerns, and it commends him for his educational and employment achievements while in BOP custody. But these are insufficient bases to warrant a sentence reduction. Moreover, the Court notes that BOP appears to be effectively managing his current health needs.[44] Given the nature of Thornhill's offense and his criminal history, the Court does not find that a sentence reduction would serve the purposes of sentencing in this case, particularly considering the need to protect the public and adequately deter Thornhill from committing future criminal acts.

Because Thornhill has not demonstrated a basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Docket 111 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 12, 2024.

---

[44] *See* Dkt. 114-1.